## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| **Virginia Stirnweis,**<br><br>                                          **Plaintiff,**<br><br>**v.**<br><br>**Capital One Services, LLC,**<br>**Capital One Financial Corporation, and**<br>**Capital One, National Association,**<br><br>                                          **Defendants.** | **CIVIL ACTION NO.** _3:19-cv-637_ |

### COMPLAINT

Plaintiff Virginia Stirnweis respectfully moves for judgment against Defendants Capital One Services, LLC, Capital One Financial Corporation and Capital One, National Association, (collectively "Capital One" or "Defendants"):

### Introduction

1.      This is a claim for unpaid overtime in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., ("FLSA").  Plaintiff who was employed by Capital One as a Corporate Insurance Specialist, also called a risk specialist, seeks unpaid overtime, liquidated damages, and attorneys' fees and costs arising out of the Defendants' FLSA violation. Plaintiff regularly worked more than forty (40) hours per workweek for the Defendants without receiving overtime compensation as required under the FLSA. Capital One wrongly classified Plaintiff and other Corporate Insurance Specialists or risk specialist as exempt from overtime under the FLSA.

1

2.      Plaintiff also asserts claims for declaratory relief that a specific provision of her severance agreement ("Letter of Agreement" or "Agreement") is unenforceable such that Plaintiff will be permitted to pursue her FLSA claims on a collective basis without being in breach of such Agreement.  Subject to Court's declaratory determination, if Plaintiff prevails on such declaratory claim, Plaintiff will move the Court to proceed on a collective action basis pursuant to her FLSA claims. Plaintiff seeks declaratory relief to determine whether she may proceed with her claims on a collective basis, on behalf of others similarly situated pursuant to 29 U.S.C. § 216(b), without being in breach of her Letter of Agreement.

### Jurisdiction and Venue

3.      This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) in that the Plaintiff may bring this action in any appropriate United States District Court.

4.      This Court has jurisdiction for declaratory judgment pursuant to 28 U.S.C. § 2201 in that the Plaintiff may bring this action in "any court of the United States."

5.      Venue is proper for this Court pursuant to 28 U.S.C. § 1391 and Local Rule 3(B)(4) since the acts and omissions giving rise to this lawsuit have taken place in the Eastern District of Virginia.

6.      Defendants are subject to personal jurisdiction in the Commonwealth of Virginia.

### Parties

7.      Stirnweis is a resident of Virginia who was employed by Capital One most recently as a Corporate Insurance Specialist.  Plaintiff was an "employee" as defined in the FLSA.

8.      Capital One Services, LLC is a foreign limited liability company, which has its principal office in Virginia.

9.      Capital One Financial Corporation is a foreign corporation, which has its principal office in Virginia.

10.     Capital One, National Association is a foreign corporation, which has its principal office in Virginia.

11.     On information and belief, the Defendants are related entities in the financial products and services industry. According to filings with the Virginia State Corporation Commission, the Defendants list their principal office as being located at 1680 Capital One Drive, McLean, Virginia 22102 and share the same registered agent.  Plaintiff is currently unable to determine the precise corporate structure and relationship between Defendants.  Defendants are an "employer" as defined by the FLSA.

### Factual Allegations

12.     Stirnweis was hired by Capital One in 2009.

13.     During the time frame relevant to this lawsuit, Stirnweis worked as a Corporate Insurance Specialist for Capital One

14.     Stirnweis worked from Capital One's West Creek office complex in Goochland County, Virginia, and also worked remotely from home.

15.     Capital One issued Stirnweis and other Corporate Insurance Specialists iPhones and take-home laptops so that each could perform work for Capital One's benefit remotely and at all hours.

16.     Stirnweis' job was essentially to serve as the support person for and main point of contact between Capital One and its workers' compensation insurance and property insurance vendors.

17.     Corporate Insurance Specialist's primary duties involved reviewing insurance

3

requirements set by higher-ups at Capital One, making sure that insurance vendors were complying with such requirements, using the "ClearSite" software, data entry for the risk manager database, running reports, corresponding between insurance companies and banks associated, and other clerical duties relating to insurance.

18.     Capital One termed the work relating to insurance coverage as "risk management," and Plaintiff's job function, and others who performed similar work, as "risk specialist."

19.     Plaintiff's position of Corporate Insurance Specialist was also called "risk specialist" at Capital One.

20.     Neither Stirnweis nor other risk specialists set the policies or insurance coverage criteria for Capital One.  Rather, Capital One implemented the insurance coverage requirements for which Plaintiff and other risk specialists were tasked with following.

21.     Risk specialists' duties involve applying the insurance standards set by Capital One and to ensure compliance by Capital One's insurance vendors.

22.     Risk specialists are not required to exercise discretion or independent judgment involving matters of significance in carrying out their duties.

23.     Stirnweis did not perform as a primary duty managerial tasks over other employees, such as: interviewing, selecting, or training, employees; setting employees' schedules or hours of work; directing employees' work; maintaining production or sales records; appraising employee productivity and efficiency; handling employee complaints or grievances; or disciplining or terminating employees.

24.     Neither Stirnweis nor other risk specialists performed work directly related to the management or general business operations of Capital One or its customers.

25.     Stirnweis and other risk specialists did not perform work requiring advance knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction.

26.     Stirnweis and other risk specialists:

      a.     did not have the authority to formulate, affect, interpret, or implement management policies or operating practices;

      b.     did not perform work that affected business operations to a substantial degree;

      c.     did not have authority to commit Defendants in matters that have significant financial impact;

      d.     did not have authority to waive or deviate from established policies and procedures;

      e.     did not have authority to negotiate and bind Defendants on significant matters;

      f.     did not investigate and resolve matters of significance on behalf of management; and

      g.     were not involved in planning long- or short-term business objectives.

27.     Based on the nature of Stirnweis' job duties, there is no FLSA exemption that applies to preclude her or other risk specialists from being paid one and one-half times their regular rate of pay for all hours worked in excess of 40 per week.

28.     Capital One paid Stirnweis on a salary basis, and classified her and other risk specialists as exempt from receiving overtime under the FLSA.

29.     Stirnweis regularly worked in excess of 40 hours per week.

30.     Capital One did not require Plaintiff to keep precise track of her hours worked.

31.     Capital One does not have accurate timekeeping records of the exact hours worked by Plaintiff or other Corporate Insurance Specialists.

32.     Stirnweis often began her workday between 7am and 8am, and worked at the office until 6pm. Stirnweis typically worked through lunch. She often responded to emails and answered calls on her company-issued iphone after hours. During "insurance renewal season" Plaintiff often worked remotely from home following her full day in the office, and on weekends, in order to complete all of her clerical duties.

33.     Capital One did not pay Stirnweis an overtime premium for all hours she worked over 40 per week.

34.     Capital One knew or should have known that Stirnweis was working overtime hours without being paid.

35.     Capital One received benefit of the work performed by Stirnweis.

36.     Capital One is in possession of records (such as log-in records, emails, and instant messaging systems) which should reflect that Stirnweis was performing work for Capital One in excess of 40 hours per week.

37.     Stirnweis sent and received work emails before and after the regular work day.

38.     Capital One willfully violated the FLSA by misclassifying Plaintiff and other Corporate Insurance Specialists as exempt under the FLSA in order to avoid paying overtime.

39.     At all relevant times Defendants intended to deprive Plaintiff of the overtime pay she was entitled to under the FLSA, or acted with reckless disregard for Plaintiff's rights under the FLSA.

### Count 1 – FLSA Overtime

40.     Plaintiff incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

41.     At all times relevant herein, Plaintiffs was an "employee" of Capital One as that term is defined by 29 U.S.C. §203(e)(1).

42.     At all times relevant herein, Capital One was an "employer" of the Plaintiff as that term is defined by 29 U.S.C. §203(d).

43.     At all relevant times herein Plaintiff was not exempt from the overtime pay requirements of the FLSA, and was entitled to receive overtime pay under the FLSA for all time worked beyond forty (40) hours in a workweek.

44.     Capital One failed to pay Plaintiff her overtime rate of pay for the time she worked beyond forty (40) hours in a workweek.

45.     At all times relevant herein, Capital One was aware of the overtime requirements of the FLSA.

46.     At all times relevant herein, Capital One knew or should have known that Plaintiff did not qualify for an exemption to the overtime pay requirements of the FLSA.

47.     Capital One's failure to pay overtime compensation to the Plaintiff was willful and not in good faith.

### Count 2 – Declaratory Relief

48.     Plaintiff incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

#### Background Facts Supporting Declaratory Relief

49.     Capital One employs, and has employed multiple persons in the same job

functions and/or positions that Plaintiff occupies, including the job functions and/or positions that make up the job of "risk specialist" as set forth herein.

50.     Risk specialists perform, and have performed, functions which entitle them to payment of overtime compensation which they have not received.

51.     Risk specialists have been denied overtime wages in violation of the FLSA.

52.     Capital One compensated, and continues to compensate, risk specialists on a uniform compensation basis.

53.     For at least the past three years, Capital One failed to keep records of the actual amount of hours Plaintiff and similarly situated risk specialists have worked.

54.     On information and belief, Capital One's pay, administrative, recordkeeping, and supervisory operations are centrally managed as a single enterprise, and all or most risk specialists at Capital One are subject to common, uniform time-keeping and payroll practices.

55.     Capital One has records of the identities and the job duties of its risk specialists and/or similarly situated employees who perform similar duties but may have different job titles, and can easily identify the scope of similarly situated putative plaintiffs.

56.     Capital One's willful disregard of the overtime laws described herein entitles Plaintiff and similarly situated employees to the application of the three (3) year limitations period.

57.     The job duties of Plaintiff, and those similarly situated to Plaintiff, are specifically not exempt from the coverage of the FLSA.

58.     At all relevant times, Plaintiffs and other similarly situated employees have been entitled to the rights, protections, and benefits provided under the FLSA.

59.     Plaintiff is alleging this declaratory action in order to seek a ruling from this Court

before attempting to file a collective action and risk facing a countersuit by Capital One.

The Letter of Agreement

60.     Stirnweis was terminated by Defendants on or about January 5, 2019.

61.     Defendants provided, and Stirnweis signed, a Letter of Agreement ("Agreement") which provided her severance pay in exchange for waiving certain claims against Defendants.

62.     Some similarly situated risk specialists have signed a severance Agreement similar to the one signed by Plaintiff.

63.     The Agreement contains a purported class or collective action waiver.

64.     In similar cases, Capital One has taken the position that the Agreement prohibits plaintiffs from filing a collective action claim under the FLSA. *Cortez-Melton v. Capital One*, Case No. 3:19-cv-127-MHL (Docket No. 13); *Petruzzi, et al. v. Capital One*, Case No. 3:19-cv-443-HEH (Docket No. 7).

65.     In those cases Capital One has countersued the plaintiffs in an attempt to recoup the full severance amount it paid, and to create a chilling effect on terminated employees from exercising their FLSA right to file a collective action against Capital One for possible widespread FLSA violations. Id.

66.     The purported collective/class action waiver issued by Capital One in its Agreement is not permitted by law.

67.     FLSA claims are subject to release, but only with approval from a court or the U.S. Department of Labor ("DOL").

68.     Capital One did not receive court or DOL approval for the purported waiver of Plaintiff's FLSA right to proceed with a collective action.

69.     The Agreement, by its terms, does not clearly or unequivocally waive Plaintiff's

right to proceed with a collective action against Capital one under the FLSA.

70.     The Agreement is a contract of adhesion.

71.     The Agreement was written by Capital One and its attorneys.

72.     The Agreement states: "[if] you do not agree to the terms set forth in this Agreement, you will not receive any benefits."

73.     The Agreement states that the severance "benefits" paid to Stirnweis "are good, valuable and consideration for your promises in this Agreement, including but not limited to the 'General release of Claims.'"

74.     The Agreement states: "you represent that you…have properly reported all hours that you have worked and you have been paid all wages, overtime, commission, incentives, compensation, benefits, and other amounts that Capital One or any of the Released Parties should have paid you in the past."

75.     The above quoted language is not a promise by Stirnweis.

76.     The Agreement also states: "If any claim is not subject to release, to the extent permitted by law, you waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Capital One or any of the other Released Parties is a party."

77.     The above quoted language:

        a.     is not a promise by Plaintiffs;

        b.     does not purport to waive a collective action under the FLSA as such purported waiver only applies to "any claim not subject to release."  Since FLSA claims are subject to release (with court or DOL approval), this language does not preclude collective

FLSA claims;

      c.    when read in conjunction with other language in the Agreement does not clearly and unequivocally waive Plaintiffs' right to bring an FLSA collective action.

78.    The Agreement further states: "you understand and agree that the payments and benefits received by you from Capital One pursuant to this Agreement shall not be taken into account as compensation."

79.    The above quoted language confirms that any recovery Plaintiff obtains in this lawsuit shall not be offset by any amount of severance paid to her under the Agreement.

<u>Claim for Declaratory Relief</u>

80.    A justiciable controversy exists between the parties as to whether a collective action waiver in a severance agreement, outside of the context of an arbitration agreement, which purports to waive the right to collective action under section 16(b) of the FLSA, 29 U.S.C. § 216(b), is permitted by law.

81.    Separate and apart from the aforementioned justiciable controversy, a justiciable controversy exists between the parties as to whether the Letter of Agreement itself waived Plaintiff's right to bring a collective action under section 16(b) of the FLSA, 29 U.S.C. § 216(b).

82.    A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain her ability to pursue collective action in this matter.

83.    Plaintiff will only proceed with a collective action upon the Court's granting relief on this count for declaratory relief such that she will not be in breach of the Letter of Agreement.

**FLSA Relief Requested (Count 1)**

Wherefore, Plaintiff requests the following Relief against Defendants:

    A.     money damages for all unpaid overtime compensation;

    B.     liquidated damages in an amount equal to all unpaid overtime owed to plaintiffs;

    C.     pre-judgment and post-judgment interest;

    D.     reasonable attorney's fees and costs expended in the prosecution of this case;

    E.     any and all further relief permissible by law.

### Declaratory Relief Requested (Count 2)

Wherefore, Plaintiff requests the Court grant the following Relief:

    A.     entry of an order declaring the class/collective waiver language in the Agreement as either void, illegal, and/or unenforceable; and

    B.     an order granting Plaintiff leave to amend her Complaint in accordance with such declaratory relief in order to prosecute this case as a collective action without being in breach of the Letter of Agreement; and

    C.     tolling of, and/or relation back of the statute of limitations in light of the declaratory relief requested;

    D.     attorneys' fees pursuant to the FLSA; and

    E.     any and all further relief permissible by law.

Plaintiff respectfully demands **TRIAL BY JURY** for all factual questions at issue in this case.

Respectfully submitted,
**Virginia Stirnweis**
Plaintiff

By:_____/s/_____
Craig Juraj Curwood (VSB No. 43975)
Attorney for Plaintiff
Curwood Law Firm
530 E. Main Street, Suite 710
Richmond, VA 23219
Telephone: (804) 788-0808
Fax: (804) 767-6777
Email: ccurwood@curwoodlaw.com