IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

NANNETTE HUTCHENS,

      Plaintiff,

v.                                                                           Civil Action No. 3:19cv546

CAPITAL ONE SERVICES, LLC, *et al.*,

      Defendant.

---

VIRGINIA STIRNWEIS,

      Plaintiff,

v.                                                                           Civil Action No. 3:19cv637

CAPITAL ONE SERVICES, LLC, *et al.*,

      Defendant.

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiffs Nannette Hutchens and Virginia Stirnweis's ("Plaintiffs") Renewed Rule 54(b) Motions to Certify the Court's Partial Final Judgment (the "Renewed Motions to Certify").[1] (ECF Nos. 53, 38.) Defendants Capital One Services, LLC, Capital One Financial Corporation, and Capital One, National Association (collectively, "Capital One") responded, (ECF No. 55), and Plaintiffs replied, (ECF No. 56).

The matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not

---

[1] The Parties filed identical pleadings in both the Hutchens and the Stirnweis matters. *See Hutchens v. Capital One Services, LLC, et al.* (3:19cv546); *Stirnweis v. Capital One Services, LLC, et al.* (3:19cv637). The Court will refer to the Parties' briefing and Court documents regarding the Motion to Certify by the ECF numbers in *Hutchens v. Capital One, et al.* (3:19cv546).

aid the decisional process. The Court exercises jurisdiction pursuant to 28 U.S.C. § 1331.[2] For the reasons that follow, the Court will deny Plaintiffs Renewed Motions to Certify pursuant to Federal Rule of Civil Procedure 54(b).[3]

## I. Background

### A. Factual Background of Hutchens's and Stirnweis's Complaints

These matters arise from Plaintiffs' employment with and subsequent termination by Capital One. Hutchens, a former "Project Manager /Program Manager/ IT Delivery Lead," (Hutchens Compl. ¶ 14, ECF No. 1), for Capital One, asserts (1) that Capital One failed to comply with the statutory requirements of the Older Workers Benefits Protection Act ("OWBPA") when Capital One terminated her employment; and, (2) that Capital One discriminated against her because of her age in violation of the Age Discrimination in Employment Act ("ADEA"). (*Id.* ¶¶ 75, 77.) Stirnweis, a former "Corporate Insurance Specialist" at Capital One, brings claims for "unpaid overtime in violation of the Fair Labor Standards Act." (Stirnweis Compl. ¶ 1, ECF No. 1.) When Capital One terminated their employment, Plaintiffs had executed severance agreements, (the "Severance Agreements"),

---

[2] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Hutchens brings claims pursuant to the Older Workers Benefits Protection Act ("OWBPA"), 29 U.S.C. § 626(f)(1), and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621. Stirnweis asserts claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201.

[3] Federal Rule of Civil Procedure 54(b) states, in relevant part,

> [w]hen an action presents more than one claim for relief ... or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).

2

which contained identical language purporting to waive their right to bring a collective or class action (the "Collective Action Waiver").[4]

In their respective individual complaints, Plaintiffs contended that the Collective Action Waiver is invalid under federal law, and each sought a declaratory judgment that they may proceed in a collective action against Capital One. On December 18, 2019, the Court ordered the Parties to file cross-briefs concerning the validity of the Collective Action Waiver under the FLSA and the ADEA. (Hutchens Dec. 18, 2019 Order; Stirnweis Dec. 18, 2019 Order.)

### B. The Court Grants Capital One's Motion for Judgment on the Pleadings and Denies Plaintiffs Motion for Judgment on the Pleadings

On June 8, 2020, the Court issued a Memorandum Opinion and Order granting Capital One's Motion for Judgment on the Pleadings and denying Plaintiffs' Motion for Judgment on the Pleadings (the "June 2020 Memorandum Opinion and Order").[5] "Considering the text and structure of the FLSA and ADEA," the Court determined, in line with United States Court of Appeals for the Fourth Circuit precedent in *Adkins v. Labor Ready, Inc.*, 303 F.3d 496 (4th Cir.

---

[4] The Collective Action Waiver states that:

[i]f any claim is not subject to release, to the extent permitted by law, you waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Capital One or any of the other Released Parties is a party.

(Hutchens Compl., Ex. 1, "Hutchens Severance Agr.," 3, ECF No. 1-1; Stirnweis Mem. Supp. Mot. Judg., Decl. Craig J. Curwood, Ex. 1, "Stirnweis Severance Agr.," 3, ECF No. 24-1.)

[5] The Court entered identical Memorandum Opinions and Orders in each case. *See Hutchens v. Capital One Services, LLC, et al.* (3:19cv546, ECF Nos. 35–36); *Stirnweis v. Capital One Services, LLC, et al.* (3:19cv637, ECF Nos. 27–28). Although the Court made separate findings concerning the enforceability of the Collective Action Waiver under the FLSA versus the ADEA, the Court noted that the analyses were interrelated as the ADEA "incorporates large sections of the FLSA's enforcement structure by reference." (June 2020 Mem. Op. 21 (internal citations omitted).)

3

2002), "that neither statute precludes an employee from waiving their right to proceed in a collective action in a severance agreement." (June 2020 Mem. Op. 28, ECF No. 35.) The Court therefore found the Collective Action Waiver in Plaintiffs' Severance Agreements "valid and enforceable under federal law." (*Id.* 12.)

This Court also recognized that the Fourth Circuit in *Adkins*, along with the majority of other courts of appeals to consider the issue, "analyzed the text of FLSA in the context of enforcing an arbitration agreement" rather than requiring the plaintiff to proceed in an individual action in the district court. (*Id.* 20 n.11.) While the *Adkins* Court concluded that the presence of an arbitration agreement did not make a "material difference" in its analysis, it recognized contrary authority on the subject. (*Id.* 20 (citing *Killion v. KeHE Distribs., LLC*, 761 F.3d 574, 591–92 (6th Cir. 2014) (determining that employee could not waive FLSA rights in severance agreement that did not provide for arbitration because an individual court action provided none of the cost-saving benefits of arbitration).)

Following the reasoning in *Adkins*, this Court dismissed Plaintiffs' claims for a judgment declaring the Collective Action Waiver in their Severance Agreements invalid.

### C. The Court Grants Plaintiffs' Motion to Certify Pursuant to 28 U.S.C. § 1292(b) but the Fourth Circuit Declines Review of the Appeal

Following this Court's June 2020 Memorandum Opinion, Plaintiffs, relying on Rule 54(b) and 28 U.S.C. § 1292(b),[6] filed their First Motion to Certify asking the Court to designate for appeal its June 2020 Order finding the Collective Action Waiver valid and enforceable. (ECF No. 38.)

---

[6] Section 28 U.S.C. § 1292(b) authorizes a district court, in rendering an otherwise unappealable order in a civil action, to state in writing that: (1) "such order involves a controlling question of law;" (2) "as to which there is substantial ground for difference of opinion;" and, (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

4

On October 16, 2020, the Court granted the First Motion to Certify pursuant to § 1292(b). (*See* Oct. 16, 2020 Mem. Op & Order, ECF Nos. 49–50.) The Court found that "the enforceability of the Collective Action Waiver presents a controlling question of law, as to which there is substantial grounds for difference of opinion, and an immediate appeal . . . may materially advance the litigation." (Oct. 16, 2020 Mem. Op. 6–7, ECF No. 49.) As a result, the Court certified the Order for interlocutory appeal under 28 U.S.C. § 1292(b). (*Id.*) Because the Court found certification appropriate under § 1292(b), it declined to "reach the question of reach the question of whether review [was] appropriate under Rule 54(b)." (*Id.* 6 n.10.)

On November 24, 2020, the Fourth Circuit issued an order declining to hear Plaintiffs' appeal, stating, in its entirety, "[u]pon consideration of submissions relative to the petition for permission to appeal, the court denies the petition." (Nov. 24, 2020 4th Cir. Order 1, ECF No. 52.)

### D. Plaintiffs File the Renewed Motions to Certify

On December 3, 2020, Plaintiffs filed the instant Renewed Motions to Certify, asking this Court "to certify a partial final judgment on their claims for declaratory relief" pursuant to Rule 54(b) to "facilitate an immediate appeal to the Fourth Circuit." (Mem. Supp. Renewed Mot. Cert. 2, ECF No. 54.) While recognizing that the Fourth Circuit recently denied Plaintiffs' petition to appeal brought under § 1292(b), Plaintiffs now seek certification under Rule 54(b) where "partial judgments are appealable as a matter of right." (*Id.*)

Capital One responded in opposition, arguing that "there are no special or compelling circumstances to justify extraordinary relief under Rule 54(b), particularly when the Fourth Circuit has already rejected Plaintiffs' request to appeal." (Mem. Opp. Renewed Mot. Cert. 2, ECF No. 55.) Because certification would not serve the interest of sound judicial administration,

5

and based on the applicable standard of review, the Court will deny the Renewed Motions to Certify.

## II. Standard of Review

Federal Rule of Civil Procedure 54(b) states, in relevant part, that

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). "Rule 54(b) certification is recognized as the exception rather than the norm" and must be "reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment." *Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993) (internal citations and quotations omitted).

"Certification of a judgment under Rule 54(b) involves a two-step process." *Cook, Heyward, Lee, Hopper, & Feehan, P.C. v. Trump Virginia Acquisitions, LLC*, No. 3:12cv131, 2012 WL 13027000, at *1 (E.D. Va. Aug. 24, 2012). First, before certifying an order under Rule 54(b), a "district court must first determine that it is dealing with a 'final judgment.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (citation omitted). "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.* (citation omitted). "Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims. The function of the district court under the Rule is to act as a dispatcher." *Id.* at 8 (internal quotation marks and citation omitted).

6

Second, the court must determine "whether there is no just reason for the delay in the entry of judgment." *Braswell*, 2 F.3d at 1335. This inquiry "tilted from the start against fragmentation of appeals, is necessarily case-specific" and allows the court to consider a host of non-exclusive factors, including:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; [and] (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Id.* at 1335–36 (citation omitted); *see also MCI Constructors, LLC v. City of Greensboro*, 610 F.3d 849, 855 (4th Cir. 2010). The district court must exercise its discretion to certify "in the interest of sound judicial administration." *Curtiss-Wright*, 446 U.S. at 8. The moving party bears the burden of demonstrating that certification is justified. *Braswell*, 2 F.3d at 1335.

### III. Analysis

The Court will deny the Renewed Motions to Certify. Although Plaintiffs seek certification of a "final judgment" under Rule 54(b), the Court cannot find that "there is no just reason for delay." Fed. R. Civ. P. 54(b).

Regarding the first-step of the Rule 54(b) two-step certification process, the Court determines that its June 2020 Memorandum Opinion dismissing Plaintiffs' claims for a declaratory judgment constitutes a "final judgment." Fed. R. Civ. P. 54(b). This Court's decision resolved a "cognizable claim for relief" under the Declaratory Judgment Act—whether the Collective Action Waiver within Plaintiffs' severance agreements was valid and binding. *Curtiss-Wright*, 446 U.S. at 7. The Court's decision regarding those claims was also "'final' in the sense that it [was] an ultimate disposition of an individual claim entered in the course of a

7

multiple claims action." *Id.* As other district courts within the Fourth Circuit have stated, "rulings on declaratory judgments are generally considered a "'final judgment.'" *Mears Grp., Inc. v. Kiawah Island Util., Inc.*, No. 2:17cv02418, 2019 WL 2297345, at *7 (D.S.C. May 30, 2019); *see also Neuberger Berman Real Estate Income Fund, Inc. v. Lola Brown Tr. No. 1B*, 225 F.R.D. 171, 174 (D. Md. 2004) (stating that a decision resolving a claim under the Declaratory Judgment Act is final where the decision "finished the litigation on the merits" of declaratory judgment even though other claims—stemming from different legal theories—remained). Plaintiffs' claims under the Declaratory Judgment Act, pleaded separately from their claims for ADEA and FLSA liability against Capital One, solely sought a judgment that the Collective Action Waiver did not bind Plaintiffs.[7] The Court's June 2020 Opinion "finished the litigation on the merits" of the availability of declaratory judgment, and thus constitutes a final judgment under Rule 54(b). *Neuberger*, 225 F.R.D. at 174.

Regarding the second step of the Rule 54(b) two-step certification process, the Court cannot find that "there is no just reason for delay" because (1) the Fourth Circuit has already

---

[7] Capital One contests this determination, stating that "Courts have rejected certification under Rule 54(b) in similar cases asserting that declarations on the procedures for underlying substantive claims are fit for a piecemeal appeal." (Mem. Opp. Renewed. Mot. Cert. 6.) The Court finds this argument unpersuasive. For instance, Capital One cites *Bleynat v. Trans Union, LLC* in which the district court found that its decision that a plaintiff could not obtain declaratory relief under the Fair Credit Reporting Act ("FCRA") was not a final judgment under Rule 54(b). No. 1:11cv218, 2012 WL 3745277, at *1 (W.D.N.C. Aug. 28, 2012). In rejecting the motion to certify, the *Bleynat* court stated that "the litigation with respect to the Plaintiff's underlying FCRA claims has not ended; the Court simply ruled that the Plaintiff is not entitled to declaratory and injunctive relief." *Id.*
However, in *Bleynat*, unlike here, the court did not dismiss a distinctly pleaded *claim* under the Declaratory Judgment Act, but merely a request for specific *relief* that depended on the resolution of the plaintiff's underlying FCRA claim. Here, Plaintiffs' separate claims for a declaratory judgment addressed a specific contractual provision in their Severance Agreements and stood apart from this Court's determination of whether Capital One violated the ADEA or FLSA. This Court's June 2020 opinion thus fully resolved those individually "cognizable" claims whereas the plaintiff's claim to relief in *Bleynat* coincided with unresolved claims within the complaint. *Curtiss-Wright*, 446 U.S. at 7.

declined review of Plaintiffs' previous petition pursuant to § 1292(b) and (2) and the balance of the equities do not favor Plaintiffs. Fed. R. Civ. P. 54(b).

First, certification under Rule 54(b) is inappropriate because the Fourth Circuit already declined to review Plaintiffs' first petition. After this Court granted Plaintiffs' First Motion to Certify, the Fourth Circuit, considering the "submissions relative to the petition for permission to appeal," summarily denied Plaintiffs' petition. (Nov. 24, 2020 4th Cir. Order 1.) This Court thus provided the opportunity for interlocutory appellate review of the enforceability of the Collective Action Waiver under § 1292(b), and the Fourth Circuit found such review unnecessary. Rule 54(b) certification under these circumstances would serve only to delay the resolution of Plaintiffs' claims.

Indeed, Plaintiffs advance no compelling reason why renewed certification might be appropriate under Rule 54(b) when the Fourth Circuit has declined appellate review under § 1292(b). Plaintiffs contend that § 1292(b) review "embraces a 'more demanding standard[]' compared to Rule 54(b)." (Mem. Supp. Renewed Mot. Cert. 2, 12, ECF No. 54; Reply Renewed Mot. Cert. 4, ECF No. 56 (citing *DeMelo v. Woolsey Marine Indus., Inc.*, 677 F.2d 1030, 1034 (5th Cir. 1982).) But Plaintiffs' reliance on a 1982 case from the United States Court of Appeals for the Fifth Circuit does not persuade this Court to enter a Rule 54(b) certificate following the Fourth Circuit's denial of their § 1292(b) petition.[8] In *DeMelo*, the Fifth Circuit considered an appeal brought pursuant to § 1292(b), (unlike the Rule 54(b) Motions before this Court), considering whether a court of appeals may hear an appeal certified pursuant to § 1292(b) when the district court could have also "made a proper certification under Rule 54(b)." *DeMelo*, 677

---

[8] The Court notes that, while Plaintiffs state that "granting a Rule 54(b) certificate following a § 1292(b) denial is perfectly normal and common," (Reply Renewed Mot. Cert. 6), they do not identify a case in which a district court has entered a Rule 54(b) certificate following an appellate court's denial of a § 1292(b) petition.

9

F.2d at 1031. There, the Fifth Circuit suggested that "the requirements of a section 1292(b) certificate are more stringent than those for a Rule 54(b) certificate" because § 1292(b) requires a district court to note a question of "law as to which there is substantial ground for difference of opinion," while Rule 54(b) does not. *Id.* at 1034 n.9 (internal quotations and citation omitted). Ultimately, the Fifth Circuit held that when it exercises its "discretion . . . to permit a section 1292(b) appeal in a case . . . which more appropriately would have come to us under Rule 54(b)," it should "generally allow the appeal [pursuant to § 1292(b)] unless . . . a Rule 54(b) certification [would constitute] an abuse of discretion." *Id.* at 1034. Thus, *DeMelo* considered whether an appellate court could accept an appeal pursuant to § 1292(b) when certification pursuant to Rule 54(b) may have been more appropriate. This Court confronts different circumstances.[9]

In contrast to *DeMelo*, the Fourth Circuit previously denied Plaintiffs' § 1292(b) petition. This Court must now consider the pertinent Rule 54(b) requirements to resolve the Motions at bar. While the requirements of § 1292(b) may be more "stringent" than those under Rule 54(b), certification under Rule 54(b)'s case specific "no just reason for the delay" standard allows the district court to weigh the procedural posture of this case alongside the Fourth Circuit's prior action. *See Braswell*, 2 F.3d at 1335. Here, the Court finds that the Fourth Circuit's decision to deny a § 1292(b) appeal strongly suggests that this is not an exceptional case warranting interlocutory review. *See Gen. Acquisition v. GenCorp, Inc.*, 23 F.3d 1022, 1026, 1032 (6th Cir. 1994) (finding district court's certification of order for appeal pursuant to Rule 54(b) to be a clear "abuse of discretion" where the court of appeals had previously declined to hear appeal under § 1292(b) and stated that "an immediate appeal is not likely to materially advance the

---

[9] Additionally, neither the Fourth Circuit nor any district court within the jurisdiction of the Fourth Circuit has cited *DeMelo*.

10

ultimate termination of th[e] litigation" in that case); *see also* 16 Charles Alan Wright et al., *Federal Practice and Procedure* § 3929.1 (2d ed. 2013) (noting the practical similarities between § 1292(b) and Rule 54(b) review and stating that "[s]urely if the [appellate] court would have been prepared to review a judgment under Rule 54(b), it achieves little to deny § 1292(b) review and compel entry of judgment.") As the United States Court of Appeals for the Sixth Circuit stated in *GenCorp*, "[p]erhaps some unique set of facts might justify Rule 54(b) certification after the denial of a 1292(b) petition" but these unique facts are not present in the record before this Court. 23 F.3d at 1032.

Second, the balance of the equities does not weigh in favor of Plaintiffs and no unique circumstances exist that support certifying this case for appeal under Rule 54(b). As the Supreme Court of the United States has advised, the district court must exercise its discretion to certify appeals "in the interest of sound judicial administration." *Curtiss-Wright*, 446 U.S. at 8 (internal citation omitted). Here, the Fourth Circuit has already once declined to entertain Plaintiffs' interlocutory appeal. Following that decision, Plaintiffs cannot bear their burden to show that "the costs and risks of multiplying the number of proceedings and overcrowding the appellate docket are outbalanced by" their need for immediate judgment. *Braswell Shipyards,* 2 F.3d at 1335 (internal citation omitted). Furthermore, there exists the "possibility that the need for [appellate] review might or might not be mooted by future developments in the district court." *Braswell*, 2 F.3d at 1335 (internal citation omitted). For instance, as this Court previously observed, Hutchens's OWBPA claim challenges the enforceability of her ADEA claims waiver in her Severance Agreement. (June 2020 Mem. Op. 33–34.) Should Hutchens's OWBPA claim falter, any question of whether she could bring a collective action pursuant to the ADEA would be moot as she would have likely released all ADEA claims against Capital One.

11

Considering these factors, the "interest of sound judicial administration" counsels against certification and provides ample reason for delay of appeal. *Curtiss-Wright*, 446 U.S. at 8.

Consistent with the findings above and with the strong federal policy against piecemeal appeals, the Court will deny Plaintiffs' Renewed Motions to Certify.

### IV. Conclusion

For the foregoing reasons, the Court will deny Plaintiff Hutchens's, (ECF No. 53), and Plaintiff Stirnweis's, (ECF No. 38), Renewed Motion to Certify.

An appropriate Order shall issue.

/s/ MHL
M. Hannah Lauck
United States District Judge

Date: January 7, 2021
Richmond, Virginia